THE BURDEN BANK v. ROBERT R. PHELPS.
No. 198.

1. CHECK—*given to influence voters at election is without consideration and against public policy.* A check given to influence the electors of a township to carry bonds is without consideration and against public policy; and when a bank certifies upon a check drawn upon it in favor of a township treasurer, that it is good if certain bonds in favor of a railway company, to be voted upon in said township three days later, are carried and the road is not built within the time specified in the proposition, the object for which the check was given as stated in such certificate, is against public policy and the check is void.

2. ELECTION EXPENSES—*statute provides deposit for, not to influence voters.* Paragraph 1285 of the General Statutes of 1889 does not provide for the deposit of a sum of money after an election has been called and the expenses incurred, to influence electors to carry the bonds to be voted upon at such election. It provides that the deposit must be made or secured before the election is called.

Error from Cowley District Court. Hon. M. G. Troup, Judge. Opinion filed May 14, 1897. *Affirmed.*

This action was brought by plaintiff in error against defendant in error to recover on a check which defendant had given on the plaintiff and which plaintiff had certified and had paid. The electors in a certain township in Cowley County were about to vote upon a proposition to issue bonds in aid of the construction of a railroad. It was doubtful whether the proposition would carry, and defendant in error who desired the proposition to carry gave to the treasurer of the township the check in question, for the ostensible purpose of defraying the expenses of the election, but for the real purpose of influencing the voters at the election. The plaintiff in error certified the check in the following words :

"This check is good for ninety dollars if the bonds

686     BURDEN BANK V. PHELPS.

S. Dept.                Opinion.  Milton, J.                5 Kan. App.

to be voted on in Sheridan Township, October 19, 1886, in favor of the Kansas City & Panhandle Railway Company are carried and the road is not built within the time specified in the proposition.    E A. Henthorn, Cashier.''

Plaintiff in error alleged these facts in its bill of particulars, and also alleged that the bonds carried and that the road was not built.    An objection to the introduction of evidence, on the ground that the bill of particulars failed to state facts sufficient to constitute a cause of action, was sustained, and this question is now before this court.

*John C. Pollock*, for plaintiff in error.

No appearance for defendant in error.

MILTON, J.   The record in this case presents but one question for our consideration : Did the Bank lawfully pay the check?   The amended bill of particulars alleges that the check was accepted and guaranteed to be good by the plaintiff at the special instance and request of the defendant, and upon his promise to reimburse plaintiff for any payment it might lawfully make upon said check.   The check was without consideration, the object for which it was given, as stated in the certificate, was against public policy, and therefore void.   The check is dated October 16, and was given to influence the voters to carry the bonds to be voted upon at an election which was to occur three days later.   The election was called and would have been held, and no additional expense was made by the township because of the giving of the check. There was no consideration given or assumed by the township.   It could not therefore have maintained an action upon the check.   The amended bill of particulars states that a large number of the electors

were opposed to voting the bonds without such guar-
antee, and that for the purpose of removing such
objection and inducing said electors to vote the
bonds, the defendant executed the check, procured
its certification as aforesaid, and delivered it to
the township treasurer, and that by reason of the
giving of such check the bonds were voted. The
check being given and the certification being made
for the sole purpose of influencing the voters of Sheri-
dan Township to carry the bonds, the transaction was
against public policy, and the certification showing the
exact purpose for which the check was given, it was
void. The plaintiff is in no condition to assert that
it did not know of the purposes for which the check
was given, and was acting in good faith, for the
reason that the certification shows the exact purpose
for which it was made.

Counsel for plaintiff contends that paragraph 1285
of the General Statutes of 1889 expressly authorizes
the giving of the guarantee. In this he is certainly
mistaken. Paragraph 1285 provides that before an
election shall be called to vote aid, etc., by any county,
township or city, a sum shall be paid or secured to
the county commissioners sufficient to pay the ex-
penses of the election. It does not say that, after the
election has been called and all the expenses incurred,
a sum shall be paid or guaranteed to influence the
electors to carry the bonds.

The court committed no error in sustaining the
objection to the introduction of any evidence to sup-
port the amended bill of particulars.

The judgment is affirmed.